IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Terrel Byrd, | C/A. No. 6:15-2639-CMC |
| Plaintiff | |
| v. | |
| Sgt. Terrance Gibbons, Warden Leroy Cartledge, Lt. Stanley Terry, Major Frank Mursler, Ofc. Robert Housten, Nurse Vera Courson, Counselor Ashley Maddox, Myish Lee, Rachel Saltsbury, Pearline Taber, and Donikia Gray, | Opinion and Order |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983. ECF No. 1. On February 4, 2016, Defendants filed a motion for summary judgment. ECF No. 35. A *Roseboro* Order was mailed to Plaintiff on February 5, 2016, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 36. Plaintiff did not respond by the deadline of March 10, 2016. On March 17, 2016, the Magistrate Judge entered an order giving the Plaintiff through April 6, 2016[1] to file his response to the motion for summary judgment, and warning Plaintiff that if he failed to respond, his claims would be subject to dismissal for failure to prosecute. ECF No. 39. Again, Plaintiff filed no response.

---

[1] ECF No. 39 states that Plaintiff's response is due by 4/6/15; however, this appears to be a typo in the Docket, as the Order has the correct date of April 6, 2016.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On April 12, 2016, the Magistrate Judge issued a Report recommending that this matter be dismissed due to Plaintiff's failure to prosecute this action. ECF No. 42. The Report noted that Plaintiff had been given multiple opportunities to respond to Defendants' summary judgment motion, but failed to do so. *Id.* The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired, and Plaintiff's copy of the Report has not been returned to the court.

### I. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## II. Discussion

Plaintiff has responded neither to Defendants' summary judgment motion (given two opportunities) nor the Magistrate Judge's Report. After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Report that Plaintiff has failed to prosecute his action and dismissal is proper pursuant to Rule 41(b). Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

In the alternative, this court finds that Defendants are entitled to summary judgment on Plaintiff's claims, as Plaintiff has failed to exhaust administrative remedies. The exhaustion requirement of the Prison Litigation Reform Act ("PLRA") has been held to be mandatory by the Supreme Court: "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Inmates must complete the exhaustion requirement prior to filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).

> The grievance procedure in the South Carolina Department of Corrections is as follows:
>
> In order to exhaust administrative remedies, an inmate must fill out a Form 10–5 (Step 1 Grievance form) within fifteen days of the alleged incident of which the inmate complains. Plaintiff must also file a Form 10–5a (Step 2 Appeal) after receiving a response to the Step 1 grievance.

*Pilcher v. Cartledge*, No. CIV.A. 2:13-2528-BHH, 2014 WL 4792067, at *4 (D.S.C. Sept. 24, 2014). The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter. *Sweat v. Reynolds*, No. CA 9:11-1706-MGL, 2013 WL 593660, at *4 (D.S.C. Feb. 15, 2013) (citing SCDC Policy/Procedure GA – 01.12, at §§11, 13.1-13.6).

3

In this case, there is no dispute that Plaintiff filed a Step 1 grievance, number 1149-13. ECF No. 1. In fact, Plaintiff filed several Step 1 grievances regarding this incident. *See* ECF No. 35, "Tindal Exhibit A-C," grievances 1149-13, 1161-13, and 1175-13. Plaintiff's initial Step 1 grievance, number 1149-13 which was referenced in his Complaint, was denied because Plaintiff's

"allegations against Sgt. Gibbons and Officer Houston could not be substantiated." ECF No. 35, Tindal Exhibit A. Plaintiff's two other Step 1 grievances regarding the same conduct were returned as unprocessed because 1161-13 was not in the inmate's handwriting as required, and 1175-13 was duplicative of 1149-13. *See* ECF No. 35, Tindal Exhibits B and C. No Step 2 grievance was filed. ECF No. 35, ¶¶ 8, 11.

Plaintiff's denied Step 1 grievance notes that the inmate may appeal the denial of a Step 1 grievance, yet Plaintiff failed to do so. *See* ECF No. 35, Tindal Exhibit A. Plaintiff's Complaint states that the steps taken were a "Grievance Step One," and never mentions filing a Step 2 grievance. ECF No. 1. While Plaintiff avers that he received "final institutional action" on his grievance (*see id.*), Defendants demonstrate that he never filed a Step 2 grievance as required to exhaust his administrative remedies. Plaintiff has not responded or provided any evidence that he did file a Step 2 grievance, or a reason why none was filed.

Therefore, Plaintiff has not exhausted his administrative remedies as required prior to filing a federal lawsuit. Accordingly, summary judgment for Defendants is proper on Plaintiff's claims.

This matter is dismissed for failure to prosecute. In the alternative, Defendants' motion for summary judgment is granted due to failure to exhaust administrative remedies. Plaintiff's claims are dismissed without prejudice. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 (11th Cir.

4

2008) (noting that district court's dismissal without prejudice on summary judgment motion proper where "neither party has evidenced that administrative remedies at [the correctional facility] are absolutely time barred or otherwise clearly infeasible.").

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
May 31, 2016

5